## MICHELE DE FUSCO *vs.* ROGER LAUDATI.

JANUARY 10, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action in assumpsit brought by the plaintiff solely upon the common counts to recover the amount of an alleged loan made by him to the defendant. In the superior court a jury rendered a verdict in favor of the plaintiff for $3032 representing the total amount of such loan and interest thereon. Thereafter the trial justice heard and denied the defendant's motion for a new trial, and the case is before us upon the defendant's exceptions to that decision and to other rulings made during the course of the trial.

The evidence for the plaintiff showed generally that the defendant solicited a loan of $2000 from the plaintiff and offered to transfer, as security therefor, a promissory note executed by Joseph and Barbara J. Murrey, which was secured by a second mortgage on their house in Seekonk, Massachusetts; that the plaintiff, after looking at the Murrey property, refused to make the loan; that the defendant then offered to further secure the loan, if made, by personally guaranteeing the Murrey mortgage and note; that the plaintiff, thus induced and secured by the guaranty, agreed to make the loan; that he accordingly gave the defendant $1920, representing the requested loan of $2000, with a deduction of $80 to cover six months' interest at 8% in advance, and received from the defendant a transfer of the

Murrey mortgage and note plus the guaranty written and signed by the defendant.

The plaintiff further testified substantially that he later turned over the Murrey mortgage "deed and some kind of policy" to the defendant who "foreclosed through his lawyer" and that at such foreclosure sale the defendant bid and "bought in" that property, using plaintiff's name in the deed, but thereafter actually treating it as his own; that a few months later the bank foreclosed the first mortgage on this property, thus wiping out any interest which the plaintiff or defendant had therein by virtue of the second mortgage; that in January 1931 the defendant paid the plaintiff $88 on account of interest due on the loan, and also temporarily transferred to plaintiff, as security therefor to replace the Murrey mortgage, two other second mortgages, each in the amount of $1100, executed by Cosmo and Assunta Del Nigro, owners of certain property in Hillsgrove, Rhode Island; that no interest or principal was apparently ever paid on these mortgages before they were transferred to the plaintiff or thereafter.

On the other hand, the evidence for the defendant tended to show that the plaintiff asked the defendant to sell him the Murrey second mortgage and note in order that the plaintiff might obtain a bonus and larger interest upon his investment; that the plaintiff's attorney had drawn and insisted upon the guaranty of the Murrey mortgage, which defendant admittedly signed and gave to plaintiff; that the plaintiff, at the time of the transaction, turned over to the defendant only $1720, representing the face amount of the Murrey mortgage, less deductions of $80 for six months' interest in advance and $200 as a bonus; that he never caused the plaintiff to foreclose that mortgage and the plaintiff himself bought in the property at the sale; that the transfers of the Del Nigro notes and mortgages were made as sales to satisfy defendant's obligation under the written

guaranty of the Murrey second mortgage; that the plaintiff never received any note from the defendant for the alleged loan, but did receive the transfer of the Murrey second mortgage and note as a *sale* and not as a pledge or security for any alleged loan as the plaintiff contended.

There was other evidence introduced by the parties which tended to throw some light upon the circumstances leading up to the original transaction and upon other business dealings between them. The evidence was largely conflicting upon the material issues involved and the jury apparently believed the plaintiff's version and returned a verdict in his favor.

The defendant's bill of exceptions contains exceptions numbered I to XI, inclusive. Exceptions numbered II and VI are not particularly argued or stressed and are substantially waived by the defendant. Exceptions numbered III and IV, in our opinion, concern evidence of other mortgage transactions not related or material to the transaction here in question. Their exclusion, in view of the other evidence, was not prejudicial error. Exceptions numbered I, V, VII, VIII, IX, X and XI have been briefed and argued and are chiefly relied upon by the defendant.

Exception numbered I relates to the ruling admitting in evidence, over the defendant's objection, plaintiff's exhibit No. 1, which reads as follows:

"Providence, R. I. March 30, 1929

I the undersigned agree to guarantee any mortgages that I am transferring to Michael De Fusco as long as he is the holder of the said mortgages.

Roger Laudati"

The defendant contends that this agreement of guaranty was not logically probative of any issue here and was calculated to prejudice the jury, since the plaintiff sought re-

covery, under the common counts, solely on the basis of a loan and not upon any claim of guaranty. It was introduced merely as one of the circumstances which could be considered, together with other evidence, in determining the nature of that transaction, namely, whether the plaintiff was really induced thereby to *loan* the defendant the sum of $2000, as plaintiff contended, or whether the transaction was a *sale* of the Murrey second mortgage to the plaintiff, as the defendant contended. In the circumstances we think the guaranty, though not conclusive, was admissible and defendant's exception numbered I is, therefore, overruled.

Exception numbered V is to the ruling refusing to permit defendant to answer question 113, which reads as follows: "And what conversation did you have with Mr. Manchester?" It appears in evidence that Mr. Manchester had deceased before the trial was held. No previous foundation was laid in order to verify the requirements of G. L. 1938, chap. 538, § 6, under which statements of deceased persons may be admitted in evidence. Assuming, however, that the statute applied and that its conditions were properly satisfied, the question itself is too general. Any conversation of the *defendant* with Mr. Manchester would not necessarily be binding upon the plaintiff or material to this case. The alleged offer of proof is hardly more specific or helpful; but, in any event, the substance of the conversation in question appears to have been admitted later in evidence. The defendant, therefore, was not prejudiced by the ruling questioned in his exception numbered V, which is overruled.

Exception numbered VII is to the refusal of the trial justice to submit to the jury the defendant's request for a special verdict. This request was stated as follows: "Did Michele DeFusco purchase or buy from Roger Laudati the Murrey mortgage in Seekonk, Massachusetts, namely, the mortgage and the note dated April 11, 1929, the promissory note being marked 'Plaintiff's Exhibit No. 2'?" The defend-

ant contends substantially that the special verdict thus requested was upon a material issue and was decisive or controlling upon the general verdict; and that in such circumstances the trial justice was required by the provisions of G. L. 1923, chap. 341, sec. 6 (now G. L. 1938, c. 534, § 2) to submit this issue for a special finding.

In support of his contention several cases have been submitted by the defendant. These and other cases were reviewed by this court in our recent opinion in *Connolly* v. *Seitman,* 64 R. I. 29, and it is unnecessary to repeat all that was said in that case concerning this statute and special verdicts thereunder. In our opinion the instant case comes within the law enunciated in that case. Here there was only one material issue and that issue was necessarily involved in any general verdict that the jury might reach under the charge. The charge of the court specifically included clear and full instructions upon this very issue. No exception was taken to that charge and it is not contended by the defendant that the jury failed or refused to follow the law as charged by the court.

In such circumstances the defendant, on review before us, has failed to show how the refusal of his request for a special verdict has prejudiced him in testing whether the verdict was against the great weight of the evidence. See *Currie* v. *Nathanson,* 57 R. I. 351, and *Connolly* v. *Seitman, supra.* As there was no prejudicial error involved in this ruling, defendant's exception VII is overruled.

Exception numbered VIII as taken by the defendant is to that portion of the charge "where the Court states that the first mortgages on the Warwick property, in connection with the Del Nigro transactions, were foreclosed, and there is no evidence before the Court of any foreclosure." Exception numbered IX also is stated to be that portion of the charge wherein the court "states $3,148.86 was then due . . . ." Both

of these exceptions relate to portions of the charge in which the court was plainly reading from the plaintiff's bill of particulars, in order to more clearly explain the nature of plaintiff's claim and to guard against consideration of the written guaranty as a basis for a verdict. The plaintiff's money claim under the common counts was discernible only by reference to the bill of particulars, which was filed in the case and from which the trial justice read certain material statements. The charge, when read as a whole, plainly would prevent any misconception or confusion as to how the plaintiff must recover, if at all, and we find no error in these portions of the charge. Exceptions VIII and IX, therefore, are overruled.

Exception numbered X relates "to the statement of the Court, near the end of the charge, that if they find that the plaintiff loaned money and was not paid back, then he is entitled to be paid back and entitled to their verdict . . . ." The defendant contends that such charge ignored the possibility that, even if the original transaction had been a loan, the defendant would have been entitled to a verdict if the jury found that the transfers of the Del Nigro mortgages had been made and accepted as an accord and satisfaction of any amounts that were due to the plaintiff. There is some question, in view of defendant's evidence and theory at the trial, whether he would have been entitled to a charge under accord and satisfaction; but, in any event, the court substantially gave the defendant, in another portion of the charge, the benefit of such an instruction, which the defendant apparently overlooked in taking and arguing this exception.

The court several times in the charge stressed the different and conflicting claims of the parties and the necessity for the plaintiff to show by a preponderance of evidence that the transaction was a *loan* and that he had not received payment thereof. He also substantially granted the request of the defendant to charge that, even if the transaction was found

to be a loan, the plaintiff could not recover if he had accepted the transfer of the Del Nigro mortgages in satisfaction of any outstanding indebtedness or claim. We are of the opinion that there was no error in the charge as complained of by the defendant in his exception numbered X.

Exception numbered XI is to the refusal of the trial justice to grant the defendant's motion for a new trial. The motion was made upon the usual grounds and also upon that of newly discovered evidence. The trial justice found, and we agree with him, that the affidavit of newly discovered evidence failed to establish that such evidence was not available to the defendant, in the exercise of reasonable diligence, at the trial.

Upon the other grounds of the motion, it is unnecessary to recite all of the conflicting evidence and the different inferences that might reasonably be drawn therefrom. The jury had the opportunity of seeing and hearing the parties and all witnesses and apparently believed the plaintiff. The trial justice, who had the same opportunity, refused to set aside the verdict. But the defendant contends that the language of the trial justice does not amount to an approval of the verdict. In our opinion, a proper reading of the whole decision of the trial justice shows that he really applied the correct law to the evidence and circumstances as he found them, and that he did approve the verdict. As we cannot say that this decision was clearly wrong, exception numbered XI is overruled.

All of the exceptions of the defendant are overruled and the case is remitted to the superior court for entry of judgment on the verdict.

*Taft & Beane,* for plaintiff.

*Harlow & Boudreau,* for defendant.